UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CRAIG MRAZEK,
        Plaintiff,

vs.                                                        14-1300

WEXFORD HEALTH SOURCES, et.al.,
        Defendants.

<u>MERIT REVIEW AND CASE MANAGEMENT ORDER</u>

The pro se Plaintiff filed his initial complaint pursuant to 42 U.S.C.§1983 on July 28,

2014.[1]  The rambling document contained a repetitive list of allegations against twenty-six

Defendants at two different correctional centers.  In addition, the Plaintiff's writing was illegible

in portions of his complaint and failed to clearly state how each of the named Defendants was

involved in his claims.  More importantly, it appeared the Plaintiff was attempting to combine

unrelated claims against different defendants in the same lawsuit.   Therefore, his complaint was

dismissed a violation of Rules 8, 18 and 20 of the Federal Rules of Civil Procedure. *See*

September 29, 2014 Merit Review Opinion.

The court gave the Plaintiff additional time to file an amended complaint clarifying his

claims.  The Plaintiff was specifically admonished if he continued "to combine unrelated claims

against different defendants in the same lawsuit, the court will consider the claims in the order

presented by the Plaintiff and dismiss all unrelated claims." September 29, 2014 Merit Review

Opinion, p. 2.

The Plaintiff has now filed a motion for leave to amend his complaint which is granted

pursuant to Federal Rule of Civil Procedure 15. [9] The court is still required by 28 U.S.C.

§1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and

dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally

1

insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff's amended complaint identifies nineteen defendants at two correctional centers. The Plaintiff says when he was in the Cook County Jail in 2010, he began to experience pain due to a hernia. At some unspecified point, the Plaintiff was transferred to Illinois River Correctional Center where he saw Defendant Dr. Greby on May 12, 2011. The Defendant "charted his injuinal hernia was painful and was easily reducible, bur failed to chart that it would immediately re-protrude upon the plaintiff's first abdominal flex or when he stood to walk." (Amd. Comp., p. 8). These are the only allegations in the amended complaint concerning Dr. Greby and Plaintiff's hernia.

The Plaintiff says in July of 2011, he was approved for a hernia belt, but did not receive it for two months. He does not state who was responsible for the delay. In August of 2011, Plaintiff was also issued a low bunk/low gallery permit, but Defendants Officers McDowell and Hensley refused to comply with the requirements. In December of 2011, the Plaintiff again saw Dr. Greby for a problem with planter's warts on his feet, but the doctor only offered the Plaintiff a pumice stone for treatment. The Plaintiff makes no other allegations concerning his stay at Illinois River. He was transferred to Lawrence Correctional Center on August 14, 2013.

The Plaintiff says he continued to have problems receiving medical care at Lawrence Correctional Center, but focuses his complaints on the lack of treatment of his planter's warts. The Plaintiff then says he was provided with a "declaration and three letters" written by another inmate "which demonstrated a conspiracy by the IDOC and Wexford's administrative and medical staff." (Amd. Comp, p. 9). The Plaintiff then lists several Defendants without

explaining the alleged conspiracy, how the named Defendants were involved or how it impacted Plaintiff's medical care. The Plaintiff seems to allege there is a policy of failing to provide surgery for hernia patients. However, the documentation and letters provided by Plaintiff pertain to the medical care provided to an inmate at Menard Correctional Center and are specific to that inmate's condition. In addition, the Plaintiff admits other inmates have received surgery since he includes an equal protection claim involving another inmate's approval for hernia surgery. The final claim in the Plaintiff's amended complaint alleges John Doe Defendants at Lawrence Correctional Center have retaliated against him by threatening him with segregation and swearing at him when he showed them his low bunk permit.

Once again, the Plaintiff has combined unrelated claims against different Defendants in the same lawsuit. Joinder of parties is limited to claims arising from the same transaction or series of related transactions. *See* Fed.R.Civ.P. 18, 20; *George v. Smith,* 507 F.3d 605 (7th Cir.2007). The Plaintiff has failed to explain how the medical care he received at Illinois River Correctional Center from one set of Defendants is related to the medical care he received from different Defendants at Lawrence Correctional Center.

If the Plaintiff was attempting to combine his claims by alleging one grand conspiracy, his claim fails. A plaintiff alleging conspiracy pursuant to §1983 must claim (1) "an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights," and (2) "actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Neff v. Hmurovich,* 261 F.Supp.2d 1026, 1045 (S.D.Ind.2003) (quoting *Scherer v. Balkema,* 840 F.2d 437, 441 (7th Cir.1988)). The Plaintiff makes a vague, conclusory claim based on the medical care provided to another inmate, but provides no factual basis for a conspiracy which impacted his constitutional rights or involved a meeting of the minds of any of the named

Defendants. "[T]he Seventh Circuit has noted that 'even a *pro se* litigant is required to allege

something in the way of facts before his allegations of conspiracy may be deemed to state a

claim.'" *Catrabone v. Farley*, 1995 WL 646281, at *7 (N.D.Ind.,1995) *quoting Tarkowski v.

Robert Bartlett Realty Co.,* 644 F.2d 1204, 1208 (7th Cir. 1980); *see also Sledd v. Lindsay,* 780

F.Supp. 554, 559 (N.D. Ill. 1991) ("[A] conspiracy complaint is inadequate when the facts it

alleges are vague and conclusory and include no overt acts reasonably related to the promotion

of the alleged conspiracy."); *Winterland Concessions Co. v. Trela,* 735 F.2d 257, 262 (7th Cir.

1984)( "Conclusory pleadings of a conspiracy must be dismissed."); *see also Santiago v.

Anderson*, 496 Fed.Appx. 630, 631, 2012 WL 3164293, at *1 (7th Cir. 2012)( a complaint which

"joins defendants and claims related only by speculation of a grand conspiracy…is the archetype

of unwieldy prisoner litigation that should be met either by dismissing improperly joined

defendants or carving the case into separate lawsuits.).

The court has previously warned the Plaintiff if he continued to ignore the court's

directions and continued to combine unrelated claims and Defendants in the same lawsuit, the

court would "consider the claims in the order presented by the Plaintiff and dismiss all unrelated

claims." September 29, 2014 Merit Review Opinion, p. 2. Therefore, the court will only

consider the first claims presented by the Plaintiff involving Illinois River Correctional Center

and will dismiss any claims involving actions or Defendants at Lawrence Correctional Center.

The Plaintiff may still pursue these allegations, but he must file a separate lawsuit and pay a

separate filing fee. *George,*507 F.3d at 607 (a prisoner may not "dodge" the fee payment or three

strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different

defendants in one lawsuit).

The Plaintiff's only allegations involving Illinois River Correctional Center involve incidents from May through December of 2011. However, the Plaintiff did not file his initial complaint in this lawsuit until July 28, 2014. Therefore, the Plaintiff's claims are time-barred. *See Kalimara v. Illinois Dep't of Corr.,* 879 F.2d 276, 276–77 (7th Cir.1989). The applicable statute of limitations period for the case before the court is two years. *Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992*); Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). In addition, the statute of limitations period accrues at the point "when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Sellars v. Perry,* 80 F.3d 243, 245 (7th Cir.1996). *See also Leavell v. Kieffer,* 189 F.3d 492, 495 (7th Cir.1999) ("Under federal law, the time [for bringing a claim] begins to run when the plaintiff knows that he has been injured."). Thus, a statute of limitations begins to run when a person has "knowledge of facts that would lead a reasonable person to begin investigating the possibility that his legal rights had been infringed[.]" *LaSalle v. Medco Research, Inc.,* 54 F.3d 443, 446 (7th Cir.1995). It is apparent from the record the Plaintiff was aware of his claims in 2011. The court must therefore dismiss the Plaintiff's complaint. The action will be dismissed with prejudice and the dismissal shall count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

IT IS THEREFORE ORDERED that:

1) The Plaintiff's motion for leave to file an amended complaint is granted. [9]

2) The Plaintiff's claims involving Defendants at Lawrence Correctional Center are dismissed as a violation of Federal Rules of Civil procedure 18 and 20. *See George,* 507 F.3d at 606.("multiple claims against a single party are fine, but a Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2" in the same lawsuit.) The Plaintiff may still pursue these claims, but he must file a

separate lawsuit and pay a separate filing fee within the two year statute of limitations period.

3) The remaining claims in the Plaintiff's amended complaint concerning Illinois River Correctional Center are barred by the statute of limitations period. Pursuant to 28 U.S.C. § 1915A, the Court finds the complaint therefore fails to state a claim on which relief may be granted and this action is dismissed with prejudice. The dismissal will count as one of this three allotted "strikes" under 28 U.S.C. § 1915(g).

4) The Clerk of Court will enter judgment in accordance with this order and record the Plaintiff's strike pursuant to § 1915(g).

Entered this 8th day of December, 2014.


s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE